UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL RICHARDSON,**

    **Plaintiff,**

v.                                                                                    Case No:

**ATLANTIC RECOVERY**
**SOLUTIONS, LLC,**

                                                            **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **MICHAEL RICHARDSON** ("Mr. Richardson" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **ATLANTIC RECOVERY SOLUTIONS, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by contacting Mr. Richardson's parents in connection with the collection of such alleged debt and willfully disclosing information affecting Mr. Richardson's reputation with reason to know Mr. Richardson's

parents did not have a legitimate business need for the information, which can reasonably be expected to harass Mr. Richardson.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Richardson, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. At all times material hereto, Defendant was and is a foreign limited liability company with its principle place of business in the State of New York and its registered agent, REGISTERED AGENTS, INC. located at 3030 N Rocky Point Drive, Suite 150A, Tampa, Florida 33607.

7. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

### *Statements of Fact*

8. Mr. Richardson opened a credit card account that was assigned a unique account number ending in 5102 ("Account").

9. Sometime thereafter, Mr. Richardson encountered financial difficulties that caused him to fall behind on his monthly payments and incur an outstanding balance owed on the Account ("Debt").

10. Defendant was assigned Mr. Richardson's Account several years later for collection purposes.

11. In or around June 2018, Defendant began placing calls to Mr. Richardson in attempts to collect the Debt.

12. Defendant also began placing calls to Mr. Richardson's parents ("Parents") in or around June 2018 in attempts to collect the Debt.

13. Mr. Richardson's Parents immediately contacted Mr. Richardson asking if he owed Defendant money and if he had trouble paying his bills.

14. Extremely embarrassed, Mr. Richardson immediately contacted Defendant and demanded that Defendant stop calling his Parents.

15. Mr. Richardson entered into a settlement arrangement with Defendant where Mr. Richardson would make monthly payments toward the Account until the Debt was satisfied ("Arrangement").

16. Accordingly, Mr. Richardson began making payments to Defendant toward the Account pursuant to the Arrangement.

17. Despite Mr. Richardson's timely payments towards the Account pursuant to the Arrangement, Defendant continued to contact Mr. Richardson's Parents regarding the Debt.

18. On August 30, 2018, Defendant sent Mr. Richardson a collection letter both to his e-mail and to his home address that demanded a "current settlement balance" owed of $143.25, a "current balance" of $286.50, identified the Account number, stated that "[t]his is an attempt to collect a debt, by a debt collector; any information will be used for that purpose. This is a communication from a debt collector," instructed Mr. Richardson to call Defendant's office telephone number to make arrangements to pay such Debt, and threatened that should payment not be remitted, Mr. Richardson's "settlement arrangement will be null and void" ("Collection Letter"). *See* **Exhibit A.**

19. In or around September 2018, Mr. Richardson made his last payment to Defendant under the Arrangement and satisfied the Debt in full.

20. On the same day of Mr. Richardson's last payment, however, Defendant called his Parents once again, specifically asked for his father by name, and told his father that Defendant needed to speak to him about the Debt.

21. Despite Mr. Richardson's repeated demands for Defendant to stop calling his Parents, Defendant continued to place calls to Mr. Richardson's Parents in attempts to collect Mr. Richardson's Debt, even after Mr. Richardson paid the Debt in full.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

22. Mr. Richardson re-alleges paragraphs 1-21 and incorporates the same herein by reference.

23. Mr. Richardson is a "consumer" within the meaning of the FDCPA.

24. The subject debt is a "consumer debt" within the meaning of the FDCPA.

25. Defendant is a "debt collector" within the meaning of the FDCPA.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c (b) by contacting Mr. Richardson's Parents regarding his Debt, even after the Debt was paid in full under the Arrangement.

   b. Defendant violated 15 U.S.C. § 1692d (5) by causing Mr. Richardson's Parents' phones to ring repeatedly which can reasonably be expected to harass Mr. Richardson.

27. As a result of the above violations of the FDCPA, Mr. Richardson has been subjected to illegal collection activities for which he has been damaged.

28. Defendant's actions have damaged Mr. Richardson by invading his privacy.

29. Defendant's actions have damaged Mr. Richardson by causing him embarrassment.

30. Defendant's actions have damaged Mr. Richardson by causing him emotional distress.

31. Defendant's actions have damaged Mr. Richardson by causing him annoyance.

32. Defendant's actions have damaged Mr. Richardson by causing him stress.

33. Defendant's actions have damaged Mr. Richardson by causing him aggravation.

34. Defendant's actions have damaged Mr. Richardson by causing him anxiety.

35. Defendant's actions have damaged Mr. Richardson by harming his reputation.

36. It has been necessary for Mr. Richardson to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

37. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

  a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

  b. Awarding actual damages;

  c. Awarding costs and attorneys' fees; and

  d. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

38. Mr. Richardson re-alleges paragraphs 1-21 and incorporates the same herein by reference.

39. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(5) by willfully disclosing to a person other than Mr. Richardson information affecting Mr. Richardson's reputation, whether or not for credit worthiness, with knowledge or reason to know that his Parents did not have a legitimate business need for the information.

    b. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Mr. Richardson's Parents regarding Mr. Richardson's Debt with such frequency as can reasonably be expected to harass Mr. Richardson.

40. As a result of the above violations of the FCCPA, Mr. Richardson has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

41. Defendant's actions have damaged Mr. Richardson by invading his privacy.

42. Defendant's actions have damaged Mr. Richardson by causing him embarrassment.

43. Defendant's actions have damaged Mr. Richardson by causing him emotional distress.

44. Defendant's actions have damaged Mr. Richardson by causing him annoyance.

45. Defendant's actions have damaged Mr. Richardson by causing him stress.

46. Defendant's actions have damaged Mr. Richardson by causing him aggravation.

47. Defendant's actions have damaged Mr. Richardson by causing him anxiety.

48. Defendant's actions have damaged Mr. Richardson by harming his reputation.

49. It has been necessary for Mr. Richardson to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

50. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Michael Richardson, demands a trial by jury on all issues so triable.

Respectfully submitted this **November 21, 2018**,

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff